UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **CHRISTOPHER FINTON** | **CIV. ACTION NO. 3:21-03586** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **LANCE L. BLACKFORD, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, are two motions: 1) a motion to remand [doc. # 8] filed by Plaintiff Christopher Finton.; and 2) a motion to dismiss for failure to state a claim upon which relief can be granted [doc. # 25] filed by Defendant Delta Fuel Company, L.L.C. The motions are opposed.

For reasons assigned below, it is recommended that both motions be denied and that Plaintiff's claims against Delta Fuel Company, L.L.C., be dismissed without prejudice for lack of subject matter jurisdiction.

## Background

On September 9, 2020, Christopher Finton ("Finton") was operating a motor vehicle in Tensas Parish, Louisiana, when he collided head-on with a vehicle driven by Lance L. Blackford, who, at the time, purportedly was working within the course and scope of his employment with, and/or under the supervision of Dalzell Tank Construction, L.L.C. ("Dalzell"); Southeastern Tank, Inc. ("Southeastern"); and Delta Fuel Company, L.L.C. ("Delta Fuel"). (Petition). Blackford died as a result of the accident, and Finton suffered catastrophic injuries. *Id.*, ¶ VI.

On September 8, 2021, Finton filed the instant petition for damages in the Sixth Judicial District Court for the Parish of Tensas, State of Louisiana, against Defendants Lance L. Blackford, Blackford's Unopened Estate, Dalzell, Southeastern, and Delta Fuel, plus the

unknown liability carriers for each of the three companies, ABC Insurance Company, XYZ Insurance Company, and 123 Insurance Company. (Petition). Finton seeks "general, compensatory, and punitive damages" against all Defendants, jointly, severally, and *in solido*. *Id*., Prayer.

On October 12, 2021, Defendant Dalzell removed the case to federal court on the exclusive basis of diversity jurisdiction, 28 U.S.C. § 1332. (Notice of Removal). Plaintiff Finton is a citizen of Alabama. *Id*., ¶ 10. Defendant Blackford was a citizen of Tennessee prior to his passing, as is his estate. *Id*., ¶ 12; *see* 28 U.S.C. § 1332(c)(2) and *Mitchell Law Firm, LP v. Bessie Jeanne Worthy Revocable Tr.*, Civ. No. 16-2582, 2020 WL 1906093, at *2 (N.D. Tex. Apr. 16, 2020), *aff'd*, 8 F.4th 417 (5th Cir. 2021). Defendant Southeastern is a Tennessee corporation, with its principal place of business in said state. (Notice of Removal, ¶14). Defendant Delta Fuel purportedly is a "Louisiana corporation." *Id*., ¶14; Petition, ¶I(d). Finally, the citizenships of the fictitiously named insurance companies are disregarded for purposes of removal. 28 U.S.C. § 1441(b).

On November 11, 2021, Finton filed the instant motion to remand the case to state court on the basis that he had a viable cause of action against "Louisiana Defendant, [Delta Fuel]," and consequently, the court lacked diversity jurisdiction. (M/Remand [doc. # 8]). On December 6, 2021, Dalzell filed its response to the motion to remand, wherein it asserted that there was complete diversity between Plaintiff Finton, a citizen of Alabama, and Defendants, including Delta Fuel, who all hail from states other than Alabama. (Dalzell Opp. Memo. [doc. # 14]). Instead, Dalzell construed Finton's motion as seeking remand on the basis of the forum-defendant rule, i.e., that the case was non-removable because it included a forum-domiciled defendant, Delta Fuel. *Id*. To circumvent the effect of the removal bar posed by Delta Fuel's presence, Dalzell argued, and adduced evidence to show, that Finton had no reasonable

2

possibility of recovery against Delta Fuel, and, thus, that it had been improperly joined. *Id*. Defendant Southeastern adopted Dalzell's memorandum. [doc. #s 16 & 23]. Finton did not file a reply brief, and the time to do so has passed. *See* Notice of Motion Setting [doc. # 9].

Meanwhile, on December 14, 2021, Delta Fuel filed the instant motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), which relied, in no small part, upon the evidence adduced by Dalzell to show that Delta Fuel had been improperly joined. (M/Dismiss [doc. # 25]). On January 4, 2022, Finton filed his response to the motion to dismiss. [doc.# 28]. Delta Fuel filed its reply brief on January 6, 2022. [doc. # 29]. Accordingly, the motions are ripe.

## Analysis

I. **Framing the Issues**

A defendant may remove an action from state court to federal court, provided the action is one in which the federal court may exercise original jurisdiction. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing 28 U.S.C. § 1441(a)). The removing defendant bears the burden of establishing federal subject matter jurisdiction and ensuring compliance with the procedural requirements of removal. *Id*. Because federal courts are courts of limited jurisdiction, a suit is presumed to lie outside this limited jurisdiction unless and until the party invoking federal jurisdiction establishes to the contrary. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citation omitted). The removal statutes are strictly construed in favor of remand. *Manguno, supra*.

Dalzell invoked this court's subject matter jurisdiction via diversity, which requires an amount in controversy greater than $75,000, and complete diversity of citizenship between plaintiffs and defendants, 28 U.S.C. § 1332(a). Finton requested remand on the lone ground that

3

the court lacked subject matter jurisdiction because of incomplete diversity between the parties.[1] The diversity jurisdiction statute presupposes a civil action between "citizens of different states," where all plaintiffs are diverse in citizenship from all defendants. 28 U.S.C. ' 1332; *Farrell Const. Co. v. Jefferson Parish, La.*, 896 F.2d 136, 139-140 (5th Cir. 1990). If, as Finton and Dalzell both contend, Delta Fuel was/is a Louisiana citizen, then Plaintiff, an Alabama domiciliary, plainly is diverse in citizenship from all Defendants, and the court enjoys subject matter jurisdiction, via diversity. *See Texas Brine Co., L.L.C. v. Am. Arbitration Ass'n, Inc.*, 955 F.3d 482, 485 (5th Cir.2020) (no jurisdictional defect under 28 U.S.C. § 1332(a) where the citizenship of each defendant was diverse from that of plaintiff).

However, when jurisdiction depends on citizenship, "citizenship must be '*distinctly* and *affirmatively* alleged.'" *Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254 (5th Cir. 1988) (citation omitted) (emphasis in citing source); *see also*, *Illinois Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir.1983) (the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference). This rule requires "strict adherence." *Getty Oil, supra*.

Here, Dalzell alleged that Delta Fuel is a Louisiana corporation. However, in cases involving corporations, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation." *Getty Oil Corp.,* 841 F.2d at 1259. To the extent that Delta Fuel *is* a corporation, Dalzell failed to set forth Delta Fuel's principal place of business. On the other hand, the "LLC" affixed to Delta Fuel's name strongly indicates that Delta Fuel is a limited liability company ("LLC"), not a corporation. For purposes of

---

[1] Dalzell attached evidence to the notice of removal showing that Finton's medical bills alone totaled more than $300,000. (Finton Medical Bills; Notice of Removal, Exh. E). Accordingly, the court readily finds that the amount in controversy exceeded $75,000 at the time of removal.

4

diversity, the citizenship of an LLC is determined by the citizenship of all of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).[2] Dalzell, however, did not purport to identify any of Delta Fuel's members or their citizenship.

In short, whether Delta Fuel is a corporation or an LLC, Dalzell has not affirmatively alleged Delta Fuel's citizenship as required to establish diversity jurisdiction. Because this issue implicates subject matter jurisdiction, the court is required to raise it *sua sponte*.[3] While the court typically will grant a party leave to amend to correct deficient jurisdictional allegations in accordance with 28 U.S.C. § 1653, the court need not do so here because Dalzell argued in the notice of removal, and in response to Finton's motion to remand, that Finton had no reasonable possibility of recovery against Delta Fuel, and, therefore, Finton had improperly joined Delta Fuel. *See* discussion, *infra*.[4]

Before turning to the improper joinder argument, the court pauses to address the forum-

---

[2] For each member of an LLC that is itself an LLC or partnership, its members and their citizenship must be identified and traced up the chain of ownership until one reaches only individuals and/or corporations. *Lewis v. Allied Bronze, LLC*, 2007 WL 1299251 (E.D. N.Y. May 2, 2007); *see also Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009) (suggesting that to discern the citizenship of an LLC, the court must trace citizenship "down the various organizational layers"); *Feaster v. Grey Wolf Drilling Co.*, 2007 WL 3146363, *1 (W.D. La. Oct. 25, 2007) ("citizenship must be traced through however many layers of members or partners there may be").

[3] Federal courts are obliged to examine the basis for the exercise of federal subject matter jurisdiction. *Smith v. Texas Children's Hospital*, 172 F.3d 923, 925 (5th Cir. 1999). Lack of subject matter jurisdiction may be raised at any time. *Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999). A court must raise the issue *sua sponte* if it discovers that subject matter jurisdiction is absent. *Id.* Indeed, 28 U.S.C. § 1447(c) provides that, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

[4] In its notice of removal, Dalzell also argued that Finton improperly joined Defendant, Southeastern. However, Southeastern is both diverse from Finton and *not* a forum or in-state-defendant. Consequently, the court need not consider whether Southeastern was improperly joined for purposes of subject matter or removal jurisdiction.

defendant rule, which prohibits the removal of cases premised upon diversity jurisdiction where "any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).[5] By its terms, however, § 1441(b) only applies to an in-state defendant that is properly joined *and* served. *Id*. Here, apart from the curator appointed for the Unopened Estate of Lance Blackford, the state court record at the time of removal showed that no other defendant had been served. (Notice of Removal, ¶¶ 5-7).[6] Consequently, neither the forum-defendant rule, nor the rule of unanimity[7] was in play for the unserved parties. *See* 28 U.S.C. §§ 1441(b)(2), 1446(b)(2)(A); *Texas Brine, supra* (§ 1441(b)(2) is inapplicable until a home-state defendant has been served); *Humphries v. Elliott Co.*, 760 F.3d 414, 417 (5th Cir. 2014) (only co-defendants who have been "properly joined *and served* " must join in or consent to the removal).

---

[5] A removal that transgresses § 1441(b) constitutes a defect in the removal procedure, which is waived if not raised within 30 days after the filing of the notice of removal. *See* 28 U.S.C. § 1447(c) and *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 393 (5th Cir. 2009) (citing *In re Shell Oil Co.*, 932 F.2d 1518, 1523 (5th Cir.1991)); *Texas Brine Co., supra* ("the forum-defendant rule is a procedural rule and not a jurisdictional one"). Although Finton neglected to raise the forum-defendant rule as a basis for remand in his motion, when, as here, a motion to remand is filed within 30 days of removal, the court may expand the inquiry to consider procedural defects not raised in the moving party's motion. *Martinez v. Costco Wholesale Corp.*, Civ. Action No. 17-0285, 2017 WL 4876788, at *2 (W.D. Tex. Oct. 30, 2017) (citing *Schexnayder v. Entergy Louisiana, Inc.*, 394 F.3d 280, 283 (5th Cir. 2004)); *Robinson v. Wheeler*, Civ. Action No. 15-0104, 2016 WL 593624, at *6 n.7 (N.D. Miss. Feb. 12, 2016).

[6] In addition, Blackford's Unopened Estate need not have joined in or consented to removal because it, and the deceased Blackford, are not proper party-defendants under Louisiana or Tennessee law. *See James v. Am. Honda Motor Co., Inc.*, Civ. Action No. 18-01316, 2019 WL 3995977, at *4 (W.D. La. July 30, 2019) (Louisiana law), *R&R adopted,* 2019 WL 3995980 (W.D. La. Aug. 22, 2019); *Bryant v. Estate Of Klein*, 2009 WL 1065936, at *3–4 (Tenn. Ct. App. Apr. 20, 2009) (Tennessee law). Stated differently, they, too, were improperly joined.

[7] The rule of unanimity requires that all properly joined and served defendants to an action either sign the original petition for removal *or* timely file written consent to the removal. *See Powers v. United States*, 783 F.3d 570, 576 (5th Cir. 2015) and § 1446(b)(2)(A).

Because the present record reflects that Delta Fuel was not served prior to removal, that circumstance alone suffices to thwart application of the forum-defendant rule, and the court need not also consider whether Delta Fuel was improperly joined for the purpose of *removal* jurisdiction. However, the court still must determine whether Delta Fuel was improperly joined for the purpose of *subject matter* jurisdiction because Dalzell failed to properly allege Delta Fuel's citizenship.

## II.   Improper Joinder

It has been long established that an improperly joined or nominal defendant will not defeat subject matter or removal jurisdiction. *See Farias v. Bexar County Bd. of Trustees for Mental Health Mental Retardation Services*, 925 F.2d 866, 871 (5th Cir. 1991); *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007) (citing *McDonal v. Abbott Laboratories*, 408 F.3d 177, 183 (5th Cir. 2005)). Nonetheless, "[t]he improper joinder doctrine constitutes a narrow exception to the rule of complete diversity." *McDonal*, 408 F.3d at 183. Thus, the burden of persuasion on a party claiming improper joinder is a "heavy one." *Campbell*, 509 F.3d at 669 (citation omitted). The focus of the improper joinder inquiry must be "on the joinder, not the merits of the plaintiff's case." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

There are two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood, supra* (citing *Travis v. Irby*, 326 F.3d 644, 646-647 (5th Cir. 2003)). In the case *sub judice*, there are no allegations of actual fraud. Accordingly, the court must determine "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against [the possibly non-diverse] defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff

7

might be able to recover against [that] defendant." *Id*. "A 'mere theoretical possibility of recovery under local law' will not preclude a finding of improper joinder." *Id*. (citing *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000)).

In so settling on the phrasing of the proof required of removing defendants to establish improper joinder, the Fifth Circuit, sitting *en banc*, expressly rejected all other formulations, whether they appeared to describe the same standard or not. *Id*. In fact, the Fifth Circuit's *Smallwood* opinion is *the* authoritative source of this circuit's improper-joinder analysis. *Int.'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 207 (5th Cir. 2016) ("*IEVM*") (citations omitted).

The court may resolve whether Finton has a possibility of recovery against Delta Fuel in one of two ways: 1) the court can look at the allegations of the complaint to determine whether the complaint states a claim against the non-diverse defendant under state law (FED. R. CIV. P. 12(b)(6) analysis);[8] or 2) in the few cases where the plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder, the court may, in its discretion, pierce the pleadings and conduct a summary inquiry. *Smallwood*, *supra*. However, the "summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the [non-diverse] defendant." *Id*.[9] In the process, the court must consider "all *unchallenged* factual allegations" in the light

---

[8] To survive a Rule 12(b)(6) motion to dismiss, the "[f]actual allegations [in the plaintiff's petition] must be enough to raise a right to relief above the speculative level," which means that the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

[9] In other words, facts that can be easily disproved if not true. *Id.*

most favorable to the plaintiff. *Travis*, *supra*. Any contested issues of fact and ambiguities of state law must be resolved in favor of remand. *Id.* If the removing defendant fails to establish improper joinder, then diversity is not complete, and remand is required. *Id.*

Finton alleged that the accident occurred while Blackford was within the course and scope of his employment and/or under the supervision of Defendants Dalzell, Southeastern, and Delta Fuel. (Petition, ¶¶ IV-V). He also alleged that Dalzell, Southeastern, and Delta Fuel purportedly were the "owners, operators, lessors, lessees, and/or controlled and were the entit[ies] with garde of the property where [Blackford] was working," i.e., at or near the Port of Natchez, Natchez, Mississippi. *Id.*, ¶¶ III and I(c). Finton further stated that Dalzell, Southeastern, and Delta Fuel "were responsible for the negligent hiring, negligent policies and/or supervision, and failure to properly train and/or instruct their negligent employees," which led to the subject accident. *Id.*, ¶ VIII. He concluded that "per applicable Louisiana law including, but not limited to, the Doctrines of Respondiat Superior [sic] principal and agent, employer-employee, and/or master-servant, [Defendants] are proper party-defendants, and to which the negligence and/or liability of defendant [Blackford] is attributable." *Id.*, XII.

In short, Finton's claims against Delta Fuel sound in negligence. To withstand a motion to dismiss, Finton must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for [negligence]. *Ashcroft v. Iqbal*, 556 U.S. 662, 678; 129 S.Ct. 1937, 1949 (2009) (citation omitted). At times, Dalzell appears to argue that the petition, as pled, fails to state a claim for relief against Delta Fuel; whereas at other times, it relies on extrinsic evidence to show that Finton has no basis of recovery against the potentially non-diverse party. However, the Fifth Circuit has made it clear that a court may choose either of the two analyses for improper joinder, but it must use one and only one of them, not both. *IEVM*, 818 F.3d at 207. Because Dalzell adduced and relied on evidence in its brief, the court will

conduct the improper joinder analysis by piercing the pleadings.

The fountainhead of Louisiana tort law is Article 2315 which provides that "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."  LA. CIV. CODE ART. 2315(A).[10]  Louisiana courts employ a duty-risk analysis to weigh a plaintiff's negligence claim.  *Long v. State ex rel. Dept. of Transp. and Development*, 916 So.2d 87, 101 (La. 2005) (citation omitted).  To prove negligence under the duty-risk analysis, the plaintiff must establish:

> 1) the conduct in question was a cause-in-fact of the resulting harm, 2) the defendant owed a duty of care to the plaintiff, 3) the defendant breached that requisite duty and 4) the risk of harm was within the scope of protection afforded by the duty breached.  If the plaintiff fails to prove any one of the elements, the defendant is not liable.

*McGuire v. New Orleans City Park Imp. Ass'n*, 835 So.2d 416, 421 (La. 2003) (internal citations omitted).

Absent a duty to the plaintiff, there can be no actionable negligence and no liability.  *Palermo v. Port of New Orleans*, 933 So.2d 168, 176 (La. App. 4th Cir. 2006); *on reh'g,* 951 So.2d 425 (La. App. 4th Cir. 2007) (citation omitted).

In this case, Finton does not allege that Delta Fuel personally operated the vehicle that caused the accident.  Rather, he contends that Delta Fuel is vicariously liable for Blackford's actions.  Over forty years ago, the Louisiana Supreme Court observed:

> [w]hen harm results from the conduct or defect of a person or thing which creates an unreasonable risk of harm to others, a person legally responsible under these code articles for the supervision, care, or guardianship of the person or thing may

---

[10] The parties analyzed Finton's claims pursuant to Louisiana law.  Therefore, they implicitly agree that Delta Fuel's liability is governed by the substantive law of Louisiana.  *See In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 206 (5th Cir. 2007) (deferring to the parties' agreement that Louisiana substantive law controlled); *Ace American Insurance Co. v. Freeport Welding & Fabricating, Inc.*, 699 F.3d 832 (5th Cir. 2012) (applied Texas law where neither side disputed that Texas law applied).

10

> be held liable for the damage thus caused, despite the fact that no personal negligent act or inattention on the former's part is proved. The liability arises from his legal relationship to the person or thing whose conduct or defect creates an unreasonable risk of injuries to others.

*Loescher v. Parr*, 324 So.2d 441, 446 (La. 1975).

Louisiana Civil Code Article 2320 provides that, "[m]asters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed." LA. CIV. CODE ART. 2320. The law is clear that "an employer is liable for a tort committed by his employee if, at the time, the employee was acting within the course and scope of his employment." *Baumeister v. Plunkett*, 673 So.2d 994, 996 (La. 1996) (citation omitted). Further, "'[a] claim against an employer for the torts of an employee based on the employer's alleged direct negligence in hiring, retaining, or supervising the employee generally is governed by the same duty-risk analysis' used in Louisiana for negligence claims." *Gomez v. Galman*, 18 F.4th 769, 780 (5th Cir. 2021) (citation omitted).

Importantly, however, Article 2320 applies only if a plaintiff first proves the existence of an employer-employee relationship. *Sparks v. Progressive Am. Ins. Co.*, 517 So.2d 1036, 1038 (La. App. 3rd Cir. 1987) (citation omitted). Furthermore, responsibility under Article 2320 attaches only when the employer might have prevented the act that caused the damage, but failed to do so. *Alexander v. Lowes Companies*, 701 So.2d 239, 242 (La. App. 1st Cir. 1997) (citation omitted). Similarly, a principal generally is not liable for the offenses of an independent contractor unless, *inter alia*, the principal reserved the right to supervise or control the work of the independent contractor or otherwise authorized the unsafe practice. *Id*.

As used in the Civil Code, a "servant," means "anyone who performs continuous service for another and whose physical movements are subject to the control or right to control of the other as to the manner of performing the service." *Ermert v. Hartford Ins. Co.*, 559 So. 2d 467,

11

476 (La. 1990). A plaintiff's claim for vicarious liability fails at the pleading stage if he does not include facts to support an inference that the direct tortfeasor "perform[ed] a continuous service" for the putative employer, or that the tortfeasor's "physical movements [were] subject to the control or right to control" of the alleged employer. *Doe v. Mckesson*, 945 F.3d 818, 825–26 (5th Cir. 2019), *vacated*, ___ U.S. ___, 141 S.Ct. 48 (2020).

In opposition to remand, Dalzell adduced the following, uncontroverted evidence from James Golman, a Delta Fuel manager:

- Lance Blackford was/is totally unknown to Delta Fuel.

- At no time did Delta Fuel employ, hire, or pay Blackford.

- Delta Fuel did not supervise, control, or have any involvement with or knowledge of Blackford's work or actions on September 9, 2020.

- On September 9, 2020, Blackford was not performing work on behalf of Delta Fuel and Delta Fuel had no ability to control Blackford's actions up to, and at the time of the accident.

- Delta Fuel did not own, lease, lend, or borrow the vehicle that Blackford used at the time of the accident on September 9, 2020. Delta Fuel also did not authorize Blackford to use the vehicle.

- Delta Fuel did not own, operate, occupy, lease, control, possess, or maintain the property on U.S. Highway 65 in Tensas Parish, Louisiana, where the accident occurred.

- At all pertinent times, including at the time of the September 9, 2020, accident, Delta Fuel had no contract with Dalzell.

(James Golman Decl.; Def. Opp. Brief, Exh. 1).

Dalzell's office manager, Jessica Dalzell, further averred:

- At all relevant times, and specifically on September 9, 2020, Lance Blackford was an employee of Dalzell, and in the course and scope of his employment with Dalzell at the time of the subject accident, while driving a vehicle owned by Dalzell.

- At all relevant times, including on September 9, 2020, there was no contract between Dalzell and Delta Fuel and/or between Dalzell and Southeastern.

- At all relevant times, including on September 9, 2020, neither Delta Fuel, nor Southeastern had a right of supervision or control over Lance Blackford.

- At all relevant times, including on September 9, 2020, Dalzell did not lend or intend to lend its employee, Lance Blackford to Delta Fuel or Southeastern Tank.

(Jessica Dalzell Decl.; Def. Opp. Brief, Exh. 2).

In his motion to remand, Finton faulted Dalzell for the absence of evidence to show that Blackford was acting solely within the "line and scope" of his employment with Dalzell at the time of the accident. He also complained that Dalzell failed to produce the contract between Dalzell and Delta Fuel to describe the nature of the relationship between the two companies. Plaintiff then posited that there might have been a principal/independent contractor relationship in existence, or that Delta Fuel might have been a joint or borrowing employer of Blackford.

However, Dalzell dispelled Finton's arguments with uncontroverted evidence that Blackford was "totally unknown" to Delta Fuel and that there were no contracts between Dalzell and Delta Fuel or between Dalzell and Southeastern. Furthermore, Dalzell judicially admitted that "Lance Blackford was in the course and scope of his employment for Dalzell when he was involved in a motor vehicle accident on US 65 in Tensas Parish, Louisiana, on September 9, 2020." (Dalzell Answer ¶¶ 4-5). The evidence also uniformly establishes that Blackford was not employed, directed, or controlled by Delta Fuel *or* Southeastern. In the absence of an agreement between Delta Fuel and Dalzell pertaining to Blackford, the court does not discern any reasonable basis to find that Delta Fuel was a joint, borrowing, or two-contract employer of

13

Blackford.[11]

Finton also theorizes that, at the time of the accident, Blackford was working on a construction project involving Delta Fuel. However, the uncontroverted evidence establishes that the subject accident occurred in Tensas Parish, Louisiana, not Natchez, Mississippi, where Delta Fuel may have had a facility. Regardless, Delta Fuel had no knowledge of, or right of control over, Blackford.

In his response to Delta Fuel's motion to dismiss, Finton conceded that "it might well be that Delta Fuel is not a proper party in this case, at this point in the litigation, there is not enough evidence for the Court dismiss all claims against Delta Fuel without discovery . . ." (Pl. Response [doc. # 28]). Of course, Finton did not seek an extension of time or leave to conduct discovery. Consequently, the court necessarily is limited to the *unchallenged* allegations in Finton's petition, together with the uncontroverted evidence adduced by Dalzell. Upon consideration of same, the undersigned finds that Dalzell has established that Delta Fuel neither owed nor breached a duty to Finton.

In short, Finton has no reasonable possibility of recovery against Delta Fuel, and Delta Fuel's presence must be disregarded for purposes of subject matter and removal jurisdiction. *See Menendez v. Wal-Mart Stores, Inc.*, 364 Fed. App'x. 62 (5th Cir. 2010) (contractor improperly joined where unrebutted evidence showed that the contractor did not have responsibility for supervision of other contractors or the safety of the premises). The remaining parties are completely diverse, with no forum-domiciled defendant. Accordingly, the court may

---

[11] Even if Dalzell did not preclude the possible existence of a contract between Delta Fuel and Southeastern that omission is not material because it remains uncontroverted that Southeastern did not employ Blackford and Southeastern did not have a contract with Dalzell.

exercise subject matter and removal jurisdiction. 28 U.S.C. §§ 1332 and 1441.

### III. Delta Fuel's Rule 12(b)(6) Motion

Having determined that Finton improperly joined Delta Fuel, the court necessarily lacks jurisdiction to entertain the suit against Delta Fuel, thereby requiring its dismissal, *without prejudice*. *IEVM, supra* ("the dismissal of a nondiverse party over whom the court does not have jurisdiction must be a dismissal without prejudice in every instance.").[12] In *IEVM*, the Fifth Circuit vacated the district court's ruling granting a Rule 12(b)(6) motion in favor of the non-diverse defendant because the court did not have jurisdiction to do so. *IEVM*, 818 F.3d at 210. The court explained that when the district court determined that the non-diverse defendant was improperly joined, the court effectively dismissed plaintiff's claims against the defendant without prejudice. *Id*. At that point, the district court should have denied the Rule 12(b)(6) motion, as moot. *Id*. The same result obtains here.

## Conclusion

For the above-assigned reasons,

IT IS RECOMMENDED that Plaintiff Christopher Finton's motion to remand [doc. # 8] and Defendant Delta Fuel Company, L.L.C.'s Rule 12(b)(6) motion to dismiss [doc. # 25] be DENIED.

IT IS FURTHER RECOMMENDED that Plaintiff Christopher Finton's claims against Defendant, Delta Fuel Company, L.L.C., be DISMISSED WITHOUT PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties

---

[12] However, "[a]s the claim or claims against the [improperly joined] defendant[s] must be dismissed without prejudice, the plaintiff is not barred by *res judicata* from refiling those claims in state court if [he] so desires." *IEVM*, 818 F.3d at 202 n.25.

15

have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

      **A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

      In Chambers, at Monroe, Louisiana, on this 14th day of February, 2022.

                                                          _____
                                                            KAYLA DYE MCCLUSKY
                                                            UNITED STATES MAGISTRATE JUDGE